UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| L. DENNIS KOZLOWSKI,<br><br>       Petitioner,<br>  -against-<br><br>WILLIAM HULIHAN, et al.,<br><br>       Respondents. | 09 Civ. 7583 (RJH) (GWG) |
| MARK H. SWARTZ,<br><br>       Petitioner,<br>  -against-<br><br>SUPERINTENDENT PAUL ANNETTS,<br><br>       Respondent. | 10 Civ. 0812 (RJH) (GWG)<br><br>**MEMORANDUM OPINION**<br><br>**AND ORDER** |

Richard J. Holwell, District Judge:

  Magistrate Judge Gabriel W. Gorenstein has issued a Report and Recommendation ("Report") recommending that the Court deny the petitions for writs of habeas corpus of L. Dennis Kozlowski and Mark H. Swartz ("petitioners") on the ground that petitioners' failure to raise a federal constitutional argument in the state trial court constituted an adequate and independent state law ground for barring federal habeas review. Petitioners object to the Report's recommendation. After hearing oral argument on petitioners' objections, the Court adopts the Report's well-reasoned findings in their entirety and affirms that New York's contemporaneous objection rule is an adequate and independent state law ground barring federal habeas review in this case. Both petitions for writs of habeas corpus are denied.

1

**BACKGROUND**

The Court assumes familiarity with the background and procedural history as set forth in Judge Gorenstein's Report and briefly recounts here the facts relevant to the present petitions. Kozlowski and Swartz were, respectively, the Chief Executive Officer anad Chief Financial Officer of Tyco International, Ltd. ("Tyco"). In April 2002, Tyco retained third party law firm Boies, Schiller & Flexner LLP ("Boies Schiller") to conduct an internal investigation of Tyco's payment of $20 million to Frank Walsh, a former Tyco director. In June 2002, the scope of this internal investigation expanded to include all financial transactions between Tyco and its top managers and directors.[1] (Amended Memorandum of Law in Support of Petition for Writ of Habeas Corpus on Behalf of L. Dennis Kozlowski ("Pet. Mem.") at 10.) In September 2002, both petitioners were indicted for several counts of first-degree grand larceny, falsification of business records, securities fraud, and conspiracy. (Memorandum of Law in Support of Answer Opposing Petition for a Writ of Habeas Corpus ("Resp. Mem.") at 3.)

After the petitioners' first trial resulted in a mistrial and prior to the commencement of the second trial, Swartz issued a subpoena to Boies Schiller for, among other materials, notes and memoranda from certain interviews of Tyco directors that Boies Schiller conducted in June and August 2002 during Tyco's internal investigation. These documents were not provided to the prosecution or the defense, but the subjects of the interviews were disclosed to petitioners when Tyco produced privilege

---

[1] Also in June 2002, Kozlowski left Tyco after he was indicted for charges unrelated to the present action. (Amended Memorandum of Law in Support of Petition for Writ of Habeas Corpus on Behalf of L. Dennis Kozlowski ("Pet. Mem.") at 13; Reply Memorandum of Petitioner L. Dennis Kozlowski ("Reply Mem.") at 67.)

logs in related civil litigation. (Pet. Mem. at 10-11, 16 & n.9.)   Petitioner Swartz subpoenaed the statements as likely impeachment evidence against interviewed directors who served as prosecution's witnesses at trial ("director-witnesses") on the theory that they did not really believe that Swartz had engaged in any wrongful conduct and only "changed their tune" after the prosecution obtained an indictment. (Defendants' Memorandum of Law in Opposition to the Motion to Quash the Subpoena Duces Tecum Served on Boies, Schiller & Flexner LLP ("Pet. Opp. Mot. Quash") at 6, reproduced in Petitioner's Appendix to Memorandum of Law in Support of Petition for Writ of Habeas Corpus on Behalf of L. Dennis Kozlowski ("Pet. App.") at 243.) Petitioners supported this theory by pointing to the fact that *after* Tyco's directors presumably became aware of petitioners' questionable conduct during the Boies Schiller investigation, they nonetheless allowed petitioner Swartz to exercise substantial authority as Tyco's CFO until the day he was indicted and voted to pay him $50 million in severance *after* the last of the relevant director interviews. *People v. Kozlowski*, 898 N.E.2d 891, 903 (2008); (Pet. Mem. at 12-13.)

      Tyco opposed the subpoena and argued that the subpoenaed documents were attorney-client communications, attorney work product, and trial preparation materials that were immune from disclosure under CPLR 3101(b), (c), and (d). Petitioners conceded that there was "little dispute" that the requested materials were work product or attorney-client privileged, ordinarily subject to absolute protection under subsections (b) and (c), but argued that Tyco had waived these privileges. *People v. Kozlowski*, 11 N.Y.3d at 10-11. They also argued that to the extent that the materials were considered trial preparation materials under subsection (d), this conditional privilege gave way to

3

their "substantive need" for the materials because they could not obtain the "substantial equivalent" of the evidence without "undue hardship." *Id.* at 26-27; (Pet. App. at 195.) The trial court found that Tyco had not waived any work product or attorney-client privileges. As for the conditional privilege for trial preparation materials, the court concluded both that the subpoena was a "fishing expedition" and, further, that petitioner had not shown why the defense could not have conducted its own interviews of the director witnesses. Accordingly, the trial court granted Boies Schiller's motion to quash the subpoena. (*See* Order of the Honorable Michael J. Obus (Jan. 14, 2005), Pet. App. at 191-96.)

Petitioners were subsequently convicted and the Appellate Division affirmed the convictions. *See People v.* Kozlowski, 47 A.D.3d 111, 120-21 (1st Dep't 2007). With respect to the subpoena issue, the Appellate Division concluded that the interviews were not material and any error was harmless. *Id.*

On appeal to New York's highest court, petitioners argued that the trial court's quashing of the subpoena was erroneous because (1) the documents they sought met the "material and likely exculpatory" standard set by *People v. Gissendanner*,[2] (2) petitioners had shown a "substantial need" for the documents under CPLR 3101(d)(2), (3) Tyco had waived any work-product privilege, and (4) the error was not harmless. (Brief for Defendant-Appellant Mark H. Swartz (Apr. 29, 2008) at 33-60, partially reproduced in Pet. App. at 316-28.) The New York Court of Appeals found that petitioners satisfied the *Gissendanner* materiality standard in subpoenaing "specific director-witness statements" that were "reasonably likely to contain material that could contradict the statements of

---

[2] 48 N.Y.2d 543 (1979).

4

key witnesses for the People." *People v. Kozlowski*, 898 N.E.2d at 903. However, the Court of Appeals also concluded that the trial court did not abuse its discretion in finding that the petitioners made no effort to show−as required by CPLR 3101(d)(2)−any "undue hardship" in securing the "substantial equivalent" of the subpoenaed documents on their own, as is required by CPLR 3101(d)(2). *Id.*

The Court of Appeals did not rely on any federal constitutional principles, pointing out that petitioners had defaulted on any federal constitutional claim they may have had by not raising it before the trial court. Although aware of the need to "give due regard to the accused's right to a fair trial" in its application of the *Gissendanner* standard, the court qualified that statement with an immediately following footnote: "As the People point out, defendants did not raise a constitutional argument in support of their subpoena below, and we therefore address none." *Id.* at 903 n.11. As Judge Gorenstein concluded in the Report, the wording of this footnote is a clear invocation of New York Criminal Procedure Law ("N.Y. Crim. Proc. Law") § 470.05(2), New York's contemporaneous objection rule[3] that requires a specific and timely objection at trial to preserve an issue on appeal. (Report at 13.)

Kozlowski and Swartz now bring petitions for federal habeas relief [4] on the grounds that their federal constitutional rights to present a defense under the Sixth and Fourteenth Amendments were violated by the trial court's quashing of the subpoena, which sought pretrial statements made by director witnesses that were potentially

---

[3] *See People v. Kelly*, 885 N.Y.S.2d 52 (App. Div. 1st Dep't 2009) (noting that the core purposes of the contemporaneous objection rule are to promote finality, prevent gamesmanship, and conserve judicial resources).

[4] Swartz's petition, filed later on February 2, 2010, incorporates the facts and arguments set forth in Kozlowski's petition, which was filed on August 31, 2009. *See* Swartz Pet. ¶ 12; Letter from Nathaniel Z. Marmur, Counsel for Petitioner Mark H. Swartz, to Judge Richard J. Holwell and Magistrate Judge Gabriel W. Goreinstein at 1 (Feb. 2, 2010), ECF No. 6 in 10 Civ. 0812.

exculpatory.  (Kozlowski's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Kozlowski Pet.") ¶ 12; Swartz's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Swartz Pet.") ¶ 12.)  On January 6, 2011, Magistrate Judge Gorenstein issued the Report recommending the denial of both petitions, reasoning that the New York Court of Appeals' refusal to address petitioners' federal constitutional claims based on their failure to raise the claim at trial was an adequate and independent state ground barring federal habeas review.  On December 22, 2011, this Court heard oral argument on petitioners' objections to the Report.

**LEGAL STANDARD**

Since a habeas petitioner must show that his custody is "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990).  A federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is *independent* of the federal question and *adequate* to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (emphasis added).  This doctrine applies to federal habeas review barred by a state court decision resting on a state procedural bar, as long as the state procedural bar is independent of the merits of the federal question and adequate to support the judgment.  "If it is, a federal court may not review the judgment unless the habeas petitioner shows both cause and prejudice [for the procedural default] or a fundamental miscarriage of justice." *Jimenez v. Walker*, 458 F.3d 130, 138 (2d Cir. 2006) (citations omitted).

6

When reviewing a magistrate judge's report and recommendation, a district court may adopt portions of the report if they are not clearly erroneous and not opposed by specific, written objections. *Bandhan v. Laboratory Corp. of America*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002) (citations omitted). Where a party makes a specific written objection within ten days[5] after being served with a copy of the magistrate judge's recommended disposition, however, the district court is required to make a de novo determination regarding those parts of the report. *Id.* (internal quotations and citations omitted). "A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate." *Id.* "However, '[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie,* No. 96 Civ. 0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). Petitioners make two specific objections to the Report: (1) New York's procedural default rule is not an adequate ground for foreclosing review of petitioners' claims, and (2) the New York Court of Appeals' judgment upholding the quashing of the subpoena is intertwined with federal constitutional principles and therefore does not rest on independent state law grounds. This Court now addresses each of the two objections in turn.

---

[5] This Court granted petitioners an extension to file their objections to Judge Gorenstein's Report by February 10, 2011.  *See* Letter from Alan S. Lewis, Counsel for Petitioner L. Dennis Kozlowski, to Judge Richard J. Holwell (Jan. 13, 2011), ECF No. 19 in 09 Civ. 7583.

## DISCUSSION

**I.      New York's Contemporaneous Objection Rule is an Adequate State Procedural Ground Barring Federal Habeas Review in This Case**

A state procedural bar "will be deemed adequate only if it is based on a rule that is firmly established and regularly followed by the state in question." *Monroe v. Kuhlman*, 433 F.3d 236, 341, (2d Cir. 2006). In *Cotto v. Herbert*, the Second Circuit set out three guideposts for determining whether New York's contemporaneous objection rule—while generally adequate to preclude federal habeas review−is misapplied in the particular circumstances of a case so as to warrant federal habeas review of petitioners' underlying constitutional claim.  331 F.3d 217, 240-41 (2d Cir. 2003) (noting that the Supreme Court clarified in *Lee v. Kemna*, 534 U.S. 362 (2002), that the adequacy of a state procedural default rule, even if generally serving a legitimate state interest, must be determined by the rule's particular application on a case-to-case basis).  The three *Cotto* guideposts are as follows:

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision;
>
> (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and
>
> (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

331 F.3d at 240.

### A. The Third *Cotto* Guidepost: Did Petitioners Comply with the Contemporaneous Objection Rule

Petitioners' objections focus on the third *Cotto* guidepost, namely whether they had substantially complied with New York's contemporaneous objection rule by arguing the *substance* of their right to present a defense before the trial judge, thereby preserving the federal constitutional claim for federal habeas review. (L. Dennis Kozlowski's Objections to the Report and Recommendation of the Magistrate Judge ("Pet. Objections") at 4); *see Lee v. Kemna*, 534 U.S. at 378 ("an objection which is ample and timely to bring the alleged federal error to the attention of the trial court and enable it to take appropriate corrective action is sufficient to serve legitimate state interests, and therefore sufficient to preserve the claim for review") (internal quotations omitted).

Petitioners argue that a claim for violation of their constitutional right to present a defense consists of two elements. First, whether the procedural evidence, here the subpoenaed documents, was material in that it reasonably could have changed the outcome of the trial. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987). Second, whether the state evidentiary or procedural rule, here the rules on privilege embodied in CPLR 3101(a)-(c), was incorrectly applied, or if correctly applied, were nevertheless arbitrary or disproportionate to the purposes the rule was designed to serve. *Hawkins v. Costello*, 460 F.3d 238, 244 (2d Cir. 2006). Where a state procedural rule is incorrectly applied, a further inquiry is required as to whether the excluded evidence would create a "reasonable doubt that did not otherwise exist." *Id.*; Pet. Objections at 5.

As to the first element of petitioners' claim it is fair to say that the materiality of the director witness statements was squarely before the trial court. *See* PA 238

9

(Defendants' Memorandum of Law in Opposition to the Motion to Quash.) But whether the second aspect of their claim was put before the trial court depends on how one characterizes petitioners' argument to that court that CPLR 3101(a)-(c) should not bar production of the concededly privileged materials. Judge Gorenstein concluded that in seeking to circumvent the privilege, petitioners argued "exclusively the question of waiver—not any federal constitutional principle that would allow them to overcome an otherwise valid assertion of privilege." (Report at 19.) Petitioners claim error, asserting that they in fact argued to the trial court "that a technically-correct application of the work-product privilege would be unfair if it restricted Petitioners' access to the subpoenaed materials." (Pet. Objections at 7.) At oral argument in the present case, petitioners', made clear that the trial court's ruling had violated the Sixth Amendment because, in their view, the Constitution trumps the conditional privilege for trial preparation materials established by CPLR 3101(d)(2). That is, that CPLR 3101(d)(2) is unconstitutional when applied to the prior statements of third-party witnesses such as the former Tyco directors. (Transcript of Hearing, December 22, 2011 at 74, 80.) It is quite clear, however, that the trial court was *never* presented with this argument and government counsel had no opportunity to address it. Accordingly, Judge Gorenstein properly found that the third *Cotto* guidepost—substantial compliance with the contemporaneous objection rule—strongly favors the adequacy of that procedural bar as applied to the specific circumstances of this case.

**B. The First *Cotto* Guidepost Has Little Relevance for Trial Court's Application of the Contemporaneous Objection Rule**

To determine whether the trial court misapplied the contemporaneous objection rule, the Court now looks to the first of the three *Cotto* guideposts – whether the alleged

procedural violation was actually relied on by the trial court, and whether perfect compliance with the rule would have changed the trial court's decision.  Judge Gorenstein found the first *Cotto* guidepost to be "neutral," that is, the question of whether the failure was 'actually relied on' by the trial court was not relevant because a party's failure to raise an issue 'would not, almost by definition, be mentioned by the trial court." (Report at 17 (quoting *Cotto*, 331 F.3d at 242).)  Petitioners concede that the "actual reliance" component of the first *Cotto* guidepost has little relevance but argues that Judge Gorenstein erred in not considering the second aspect of this guidepost, whether "perfect compliance" would have changed the trial court's decision.  (Pet. Objections at 10.)

The argument that "perfect compliance"—explicitly labeling the dispute in the terms of the federal constitutional right to present a defense—would not have made a difference to Justice Obus' decision to quash the subpoena is entirely speculative, particularly in the absence of any showing of substantial compliance.  *See e.g., Donaldson v. Ercole*, No. 06-5781, 2009 WL 82716, at *2 (2d Cir. Jan. 14, 2009) ("We cannot know whether perfect compliance with the contemporaneous objection rule would have changed the trial court's ruling because the trial court did not have a chance to make any determination about sufficiency. Accordingly, [the first *Cotto*] factor is neutral."). And the fact that the trial court found as a factual matter that petitioners had failed to make the required showing of "substantial need" and "undue hardship" to obtain conditionally privileged material under CPLR 3101(d) is hardly predictive of how the court would have responded to the claim, never articulated, that this section was simply unconstitutional as applied to prior witness statements.

11

    **C. The Second *Cotto* Guidepost: Did Petitioners Fail to Show Why the Contemporaneous Objection Rule Should Be Relaxed in the Specific Circumstances Presented**

Petitioners argue that the second *Cotto* guidepost requires the Court to determine whether New York case law demands compliance with the contemporaneous objection rule in the *specific circumstances* presented, and that under N.Y. Crim. Proc. Law § 470.05, "a question of law is preserved if the point was expressly decided by the trial court in response to a protest, even though the protesting party overlooked that argument when making the protest."  (Pet. Objections at 12-13 (citing Preiser, *Supp. Practice Commentaries*, McKinney's Con Laws of NY, Book 11A, CPL 470.05, 1988 Pocket Part, at 5).)

Petitioners cite *People v. Seabrook*, 241 A.D.2d 325 (N.Y. 1st Dep't 1997) and *People v. Rosen*, 81 N.Y.2d 237 (1993), in support of this proposition.  In *Seabrook*, the trial court denied the defense's motion to allocate some cross-examining responsibility to the second lawyer for a second defendant.  On appeal, the Appellate Division held that the defense's objection was sufficient to preserve the Sixth Amendment right to effective assistance of counsel claim even though counsel did not speak in constitutional terms.  241 A.D.2d at 326.  In *Rosen*, the New York Court of Appeals found that the trial court's unchallenged denial of a *pro se* defendant's request to be present at side-bar proceedings was arbitrary and sufficient to preserve the issue of the constitutional right to self-representation on appeal.  Thus in both cases the substance of a fundamental, clearly applicable constitutional right was raised even if the proper label was not.  Here, by contrast, petitioners' present claim that the CPLR 3101(d) was unconstitutional as applied

was neither obvious nor, indeed, implicit in the arguments fairly presented to the trial court.

\*   \*   \*

In conclusion, in answering whether the contemporaneous objection rule was misapplied so as to warrant federal habeas review, two *Cotto* factors weigh against the petitioners and the remaining *Cotto* factor bears little relevance. Accordingly, petitioners' failure to preserve their constitutional right to present a defense claim at trial is an adequate ground precluding habeas review in this Court.

**II.    The Court of Appeals' Reliance on the Contemporaneous Objection Rule is an Independent State Procedural Ground Barring Federal Habeas Review**

Federal habeas review is not foreclosed when a state procedural ruling is interwoven with federal constitutional law and therefore does not rest on an independent state ground. *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005). However, "[i]f a state court chooses merely to rely on federal precedents as it would on the precedents of all other jurisdictions, then it need only make clear by a plain statement in its judgment or opinion that the federal cases are being used only for the purpose of guidance, and do not themselves compel the result that the court has reached." *Michigan v. Long*, 463 U.S. 1032, 1041 (1983). "If the state court decision indicates clearly and expressly that it is alternatively based on bona fide separate, adequate, and independent grounds," that is enough to preclude federal habeas review. *Id.*

The New York Court of Appeals' opinion explicitly states that it would not address any federal constitutional issues since "defendants did not raise a constitutional

argument in support of their subpoena below."[6] Petitioners argue that the Court of Appeals' rejection of petitioners' constitutional claims was not based on independent state law grounds, since its analysis of the *merits of the closely related state law subpoena claim* was intertwined with federal constitutional principles. (Pet. Objections at 19-20; *see also* Pet. Mem. at 90; Reply Memorandum of Petitioner L. Dennis Kozlowski ("Pet. Reply") at 2-12) (emphasis added).[7]

This argument is flawed because whether the Court of Appeals' analysis of the closely related state law subpoena claim is interwoven with federal constitutional principles has no bearing on the following question: Is the Court of Appeals' invocation of the contemporaneous objection rule an independent state law ground barring habeas review in this case? As Judge Gorenstein correctly noted, no reliance on federal constitutional principles is needed for New York's highest court to determine from the trial record that petitioners had failed to raise a federal constitutional claim before the trial court. Report at 15-16; c*f. Brown v. Greiner*, 409 F.3d 523, 532 (2d Cir. 2005) (finding that petitioner's claim is not procedurally barred because the New York Court of Appeals' finding of procedural default, although based on state law, was interwoven with the court's substantive rejection of a federal law claim on its merits); *Green*, 414 F.3d at 296 (finding the New York Appellate Division's § 470.05(2) ruling, which held that the

---

[6] *People v. Kozlowski*, 898 N.E.2d 891, 903 fn. 11 (2008) ("As the People point out, defendants did not raise a constitutional argument in support of their subpoena below, and we therefore address none."). Petitioners originally argued that this footnote in the Court of Appeals' decision does not suffice as a "plain statement" of procedural default on adequate and independent state law grounds that would bar federal habeas review (Pet. Mem. at 85), but appear to have abandoned this argument in their objection to the Report. For a persuasive rebuttal of this argument, see Resp. Mem. at 27-37.

[7] In support of this argument, petitioners extensively cite *Jones v. Gibson*, 206 F.3d 946 (10th Cir. 2000), for the proposition that a federal court could reach the merits of an unpreserved issue despite the trial attorney's initial procedural default. However, the merits of the unpreserved issue in *Jones* were raised in a second post-conviction appeal along with the claim of ineffective assistance of appellate counsel (for failing to preserve the issue on the first appeal) in a state appeals court. These crucial circumstances are missing from the present case.

14

petitioner's *Batson* claim was unpreserved for appellate review, was not an independent state procedural ground that barred federal habeas review because it turned upon the interpretation of federal constitutional jurisprudence on jury selection).

## CONCLUSION

After de novo consideration of petitioners' objections to the Report, the Court finds that under New York's contemporaneous objection rule N.Y. Crim. Proc. Law § 470.05(2), petitioners' failure to raise a federal constitutional claim before the trial court is an adequate and independent state law ground barring federal habeas review. The Court adopts the Report in full and denies both petitions for writs of habeas corpus. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
February 7, 2012

Richard J. Holwell
United States District Judge